**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-09-0339 |
| | § | |
| JOSE LUIS RODRIGUEZ MARTINEZ, | § | |
| | § | |
| Defendant, | § | |

**ORDER**

Jose Luis Rodriguez Martinez was sentenced in November 2009 based on his guilty plea to the charge of illegal reentry after deportation. He has filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Rodriguez Martinez also has a pending appeal from his conviction and sentence. That appeal, USCA No. 09-20779, is pending before the United States Court of Appeals for the Fifth Circuit.

"[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States,* 858 F.2d 1016, 1019 (5th Cir.1988), *cert. denied,* 490 U.S. 1099, 109 S.Ct. 2450, 104 L.Ed.2d 1004 (1989), *citing Jones v. United States,* 453 F.2d 351, 352 (5th Cir.1972). Where, as here, a defendant seeks § 2255 relief while a direct appeal is pending, the district court should decline to address the motion. As the Fifth Circuit noted in *Welsh v. United States:* "A motion to vacate under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, in as much as the disposition of the appeal may render the motion moot." 404 F.2d 333, 333 (5th Cir.1968), *abrogated on other grounds, United States v. Ortega,* 859 F.2d 327, 334 (5th Cir.1988).

This motion under § 2255 is dismissed, without prejudice.

SIGNED on June 11, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge